UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNESTO MACKEY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MOORE, et al.,<br><br>　　　　Defendants. | 1:21-cv-00607-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR LACK OF SUBJECT MATTER JURISDICTION**<br>**(ECF No. 9.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　David Ernesto Mackey ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 12, 2021. (ECF No. 1.) On April 15, 2021, the court issued an order striking the Complaint for lack of Plaintiff's signature, with leave to file a First Amended Complaint bearing his signature. (ECF No. 5.) On April 26, 2021, Plaintiff filed the First Amended Complaint. (ECF No. 7.)

　　On November 5, 2021, the court dismissed the First Amended Complaint for lack of subject matter jurisdiction, with leave to amend. (ECF No. 8.) On November 17, 2021, Plaintiff

filed the Second Amended Complaint, which is now before the court for screening. (ECF No. 9.) 28 U.S.C 1915.

## II.  SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. PLAINTIFF'S ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff is presently detained at Coalinga State Hospital in Coalinga, California, where the events at issue in the Second Amended Complaint allegedly occurred. Plaintiff names as defendants Kevin M. Moore (Accounting Officer), Gabrielle (Vocational Service Staff), Bruce (Vocational Service Staff), Brandon Price (Executive Director), Department of Fiscal Services, Department of State Hospitals, and Coalinga State Hospital (DSH-Coalinga) (collectively, "Defendants").

Plaintiff alleges that he was paid $725.00 but is still owed $57.00. Plaintiff states that in February 2021, he filed a claim with the Department of State Hospitals-Coalinga for $782.00 wages, for time worked in January, February, and March 2020, and in March 2021 he was paid $725.00, but he contends he is still owed $57.00.[1] Defendants Gabrielle and Bruce are both Vocational Services staff. Defendant Kevin M. Moore says there is no evidence to prove that Plaintiff's claim should not have been rejected.

Plaintiff requests as relief another $782.00, plus the $57.00 he is owed.

### IV. SUBJECT MATTER JURISDICTION

Plaintiff's Second Amended Complaint lacks subject matter jurisdiction and should be dismissed.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. See id. "[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); see also Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

"Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds

---

[1] Plaintiff states that he submitted exhibits as evidence that he filed the claim in February 2021 and was paid $725.00 in March 2021. However, no exhibits were submitted with the Second Amended Complaint.

$75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  Absence of subject matter jurisdiction requires a federal court to dismiss a case. See Ruhrgas AG, 526 U.S. at 583 (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Here, Plaintiff alleges federal-question jurisdiction on the face of the complaint based on 42 U.S.C. § 1983, and he claims that his state and federal civil rights were violated.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  Plaintiff's Second Amended Complaint does not clearly invoke any federal law or constitutional right and therefore does not present a federal question.  Accordingly, the Court finds that Plaintiff has failed adequately to allege Article III standing, and the Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.

///

///

## V.     CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff's Second Amended Complaint lacks subject matter jurisdiction and must be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The Court previously granted Plaintiff an opportunity to amend the complaint, and the Second Amended Complaint represents Plaintiff's second unsuccessful attempt to plead his claims. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED** that the Clerk is directed to randomly assign a United States District Judge to this case;

and

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.     Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for lack of subject matter jurisdiction; and

2.     The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **November 21, 2021**                         **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE